IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3250-BO

| | | |
|---|---|---|
| DOUGLAS ROY SYMMES, JR., Plaintiff, | ) | |
| v. | ) | **ORDER** |
| NC DEPT. OF ADULT CORRECTIONS, et al., Defendants. | ) | |

On October 17, 2025, Douglas Roy Symmes, Jr. ("Symmes" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On May 20, 2026, the court directed Symmes to file one legible, operative amended complaint that clearly identified his claims, the injury stemming from each defendant's actions or inactions, and the alleged facts to support each claim [D.E. 9]. On June 4, 2026, Symmes filed an amended complaint [D.E. 10]. The matter is now before the court for frivolity review of the amended complaint pursuant to 28 U.S.C. § 1915.

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327).

To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555); see Ashcroft, 556 U.S. at 678–79.

Symmes's amended complaint does not comply with Federal Rule of Civil Procedure 8(a)(2) and the court's May 20, 2026 order. See Fed. R. Civ. P. 8(a)(2); [D.E. 9]. Symmes's amended complaint is rambling, disjointed, conclusory, and fails to provide a short and plain statement of the claims. See [D.E. 10] 1–10; [D.E. 10-1] 1–3.

"Rule 8 does not require that the court sift through this morass of disparate legal claims and irrelevant factual allegations to determine whether [Symmes] ha[s] alleged viable claims for relief, and which defendants are allegedly responsible for the viable claims." Watterson v. Millis, No. 5:18-CT-3370, 2020 WL 1429213, at *4 (E.D.N.C. Mar. 19, 2020) (unpublished); see McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014) (per curiam) (unpublished) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint . . . in order to construct plaintiff's causes of action."); North Carolina v. McGuirt, 114 F. App'x 555, 558–59 (4th Cir. 2004) (per curiam) (unpublished); Haba v. Arthur, No. 3:19CV686, 2020 WL 6729074, at *2–3 (E.D. Va. Nov. 16, 2020) (unpublished), aff'd, 851 F. App'x 405 (4th Cir. 2021) (per curiam) (unpublished); Mills v. CCL, No. 7:14-CV-198, 2014 WL 12029370, at

*1 (W.D. Va. Apr. 25, 2014) (unpublished); Obataiye-Allah v. Clark, No. 7:14CV16, 2014 WL 793152, at *1 (W.D. Va. Feb. 26, 2014) (unpublished); Freeman v. Fayetteville Police Dep't, No. 5:13-CV-261, 2013 WL 2456553, at *1 (E.D.N.C. June 6, 2013). Accordingly, the court dismisses the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court declines to grant further leave to amend in this action. The court gave Symmes an opportunity to amend the complaint, and he failed to comply with the court's instructions.

In sum, the court DISMISSES the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk shall close the case.

SO ORDERED, this 9 day of June, 2026.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge